**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JOHN P. NICHOLS**
Anderson & Nichols
Terre Haute, Indiana

ATTORNEYS FOR APPELLEES:

**EDWARD J. LIPTAK**
**JEREMY M. DILTS**
Carson Boxberger LLP
Bloomington, Indiana



FILED
Nov 29 2012, 9:47 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

VICKIE FENOGLIO, AS PERSONAL           )
REPRESENTATIVE OF THE ESTATE OF        )
PAUL FENOGLIO, DECEASED,               )
                                       )
    Appellant-Respondent,              )
                                       )
        vs.                         )  No.  84A04-1202-PL-59
                                       )
GREGORY BROCK, D.O.,                   )
                                       )
    Appellee-Petitioner.               )

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable John Roach, Judge
Cause No. 84D01-1107-PL-6918

**November 29, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

After Paul Fenoglio committed suicide, Vickie Fenoglio, acting as personal representative of the Estate of Paul Fenoglio, filed a complaint against Gregory Brock, D.O., alleging he committed medical malpractice by prescribing a medication to Fenoglio that caused Fenoglio's suicide. Dr. Brock moved for summary judgment, and the trial court granted his motion. Vickie raises one issue for our review, which we restate as whether her complaint is barred by the applicable statute of limitations. Concluding her complaint is barred by the statute of limitations, we affirm.

## Facts and Procedural History

Dr. Brock treated Fenoglio in 2008 and 2009, and in March 2009, Dr. Brock prescribed Celexa to Fenoglio for symptoms of depression. Fenoglio had a lengthy history of bi-polar disorder. On March 6, 2009, Dr. Brock's office called in the prescription to a Wal-Mart Pharmacy. On March 16, 2009, Fenolgio committed suicide. In August 2009, the Estate of Paul Fenoglio requested Dr. Brock's medical records concerning his treatment of Fenoglio. Vickie filed a complaint on March 11, 2011, claiming Dr. Brock was negligent in prescribing Celexa to Fenoglio because the medication can cause suicidal thoughts and that such negligence caused Fenoglio's death. Dr. Brock moved for summary judgment, arguing the complaint was filed after the two-year statute of limitations expired. The trial court granted Dr. Brock's motion, concluding the statute of limitations expired prior to Vickie's filing her complaint. Vickie now appeals.

## Discussion and Decision

### I. Standard of Review

Our standard of review of a motion for summary judgment is the same as that in the trial court. Collins v. HSBC Bank USA, Nat'l Ass'n, 974 N.E2d 537, 540 (Ind. Ct. App. 2012). Summary judgment is appropriate when the evidence shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The movant bears the burden of designating evidence demonstrating no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Collins, 974 N.E.2d at 540 (citation omitted). Once the movant has met his burden, the burden shifts to the non-movant to demonstrate that a genuine issue of material fact exists. Id. We construe all facts and reasonable inferences in favor of the non-movant, and our review is limited to the materials designated to the trial court. Id. When there are no disputed facts and the question presented is a pure question of law, our review is de novo. Levy v. Newell, 822 N.E.2d 234, 236 (Ind. Ct. App. 2005), trans. denied.

### II. Statute of Limitations

Indiana Code section 34-18-7-1(b) provides:

> A claim, whether in contract or tort, may not be brought against a health care provider based upon professional services or health care that was provided or that should have been provided unless the claim is filed within two (2) years after the date of the alleged act, omission, or neglect . . . .

Vickie and Dr. Brock agree that Indiana Code section 34-18-7-1(b) is an occurrence-based statute, meaning that the statute of limitations begins to run on the date the alleged negligent act occurred rather than on the date it was discovered, as long as potential plaintiffs are able

3

to discover the alleged malpractice within two years from the occurrence. See Brinkman v. Bueter, 879 N.E.2d 549, 553 (Ind. 2008). Since the complaint was filed on March 11, 2011, in order for it to have been timely filed the alleged malpractice must have occurred on or after March 11, 2009. Vickie contends her complaint was timely filed because Fenoglio was "under the continuing care of Brock" after March 11, 2009, and because "Fenoglio's prescription had not yet run its course" by March 11, 2009. Brief of Appellant at 3. Dr. Brock argues "the last possible act of alleged malpractice on the part of Dr. Brock occurred on March 6, 2009, when his office called a prescription to the pharmacy." Brief of Appellee at 4. Thus, Dr. Brock argues, Vickie's complaint was not timely filed.

As Dr. Brock points out, we faced very similar circumstances in Gradus-Pizlo v. Acton, 964 N.E.2d 865 (Ind. Ct. App. 2012). There, Myrtle Acton came to Dr. Gradus-Pizlo in early March 2006, for a congenital heart defect. On March 12, 2006, Dr. Gradus-Pizlo placed Acton on Spironolactone, a medication used to help treat severe congestive heart failure. On March 29, 2006, Acton suffered ventricular tachycardia, and she died approximately two weeks later. On April 1, 2008, a medical malpractice complaint was filed against Dr. Gradus-Pizlo contending the Spironolactone given to Acton caused her demise by raising her potassium level to a dangerously high level. We addressed whether the statute of limitations provided in Indiana Code section 34-18-7-1(b) barred the complaint. We concluded the alleged malpractice occurred on March 12, 2006, when Dr. Gradus-Pizlo ordered that Acton be placed on Spironolactone. Id. at 870.

4

Acton's personal representative argued the doctrine of continuing wrong applied and prevented his claim from being time-barred.

> The doctrine of continuing wrong applies where an entire course of conduct combines to produce an injury. When this doctrine attaches, the statutory limitations period begins to run at the end of the continuing wrongful act. In order to apply the doctrine, the plaintiff must demonstrate that the alleged injury-producing conduct was of a continuous nature. The doctrine of continuing wrong is not an equitable doctrine; rather, it defines when an act, omission, or neglect took place.

Id. at 871 (citations omitted). We disagreed that the doctrine of continuing wrong applied, concluding the "alleged medical malpractice consists of a single act, the prescription of Spironolactone, not an 'entire course of conduct.'" Id.

Although not explicitly stated, Vickie's argument is that the doctrine of continuing wrong applies. She contends Fenoglio was under the continuing care of Dr. Brock and still taking the prescribed medication, Celexa, after March 11, 2009. While there is no dispute about those facts, we disagree that the doctrine of continuing wrong applies. The alleged medical malpractice was Dr. Brock's prescribing of Celexa, a drug which allegedly causes suicidal thoughts, to a patient with a history of bipolar disorder. This occurred on March 6, 2009, more than two years prior to the date Vickie filed the complaint. Thus, the complaint is barred by the occurrence-based statute of limitations, Indiana Code section 34-18-7-1(b).

## Conclusion

The medical malpractice complaint was not filed within two years of the alleged act of malpractice, and it is therefore barred by the statute of limitations. We thus affirm the trial court's grant of summary judgment in favor of Dr. Brock.

5

Affirmed.

BAKER, J., and BRADFORD, J., concur.